UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PASQUALE RUBBO,<br>    *Petitioner*,<br><br>v.<br><br>TIMETHEA PULLEN,<br>    *Respondent*. | 3:21-CV-109 (OAW) |

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the court upon Respondent's Supplemental Motion to Dismiss ("Motion"). *See* ECF No. 12. Petitioner has not responded to the Motion, and the time in which to do so has expired. The Motion therefore is ripe for adjudication. The court has reviewed the Motion and the record in this matter and is thoroughly apprised in the premises. For the reasons discussed herein, the court will grant the Motion.

On January 26, 2021, Petitioner filed with this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that the warden of the Federal Correctional Facility at Danbury ("FCI Danbury"), where Petitioner was then incarcerated, had failed to take adequate measures to protect him against the COVID-19 pandemic. He sought immediate release to home confinement or supervised release.

In the Motion, Respondent informs the court that Petitioner recently was transferred to a new facility in Otisville, New York, and argues that this action must be dismissed because this court no longer has jurisdiction over it. More specifically, Respondent argues that (1) Petitioner's transfer renders this case moot, and (2) a habeas

petition must be brought in the district where the petitioner is confined.  Petitioner has not responded to the Motion, despite Respondent having sent it to his current address.[1]

The court agrees with Respondent on both points.  It is axiomatic that federal courts have limited jurisdiction and must dismiss actions where subject matter jurisdiction is lacking.  *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d. Cir. 2011).  Here, Petitioner sought release on the grounds that the conditions at FCI Danbury were unsafe.  He is no longer at FCI Danbury, though, so he can no longer seek relief on that basis.  Moreover, Petitioner no longer requires the relief he sought, i.e., immediate release, because he has been removed from the conditions which he found unsafe.  Ergo, his claims clearly are moot and there is no longer a case or controversy within the meaning of Article III of the Constitution.  *See Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."); *see also Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility."), *Anderson v. Williams*, No. 3:15-CV-1364 (VAB), 2018 WL 4623022, at *2 (D. Conn. Sept. 26, 2018) (finding that a habeas petitioner's transfer to a different facility "result[ed] in the mooting of any other claims based on conditions at [the transferor] facility.").

Furthermore, it is well-settled that a writ of habeas corpus is "issuable only in the district of confinement."  *Rumsfeld v. Padilla*, 542 U.S. 426, 442, (2004) (quoting *Carbo v. United States*, 364 U.S. 611, 618 (1961)).  Petitioner is no longer confined in the District of Connecticut, and thus this court no longer has authority to grant him the relief he seeks.

---

[1] In the Certificate of Service appended to the Motion, Respondent represents having mailed the Motion to Petitioner at his new facility in New York.

Accordingly, it is thereupon **ORDERED AND ADJUDGED** as follows:

1. The Supplemental Motion to Dismiss (ECF No. 12) is **GRANTED**;

2. This action hereby is **DISMISSED** for lack of subject matter jurisdiction;

3. All pending motions hereby are **DENIED as moot**;

4. The court respectfully requests the Clerk of Court to **CLOSE** this case; and

5. The Clerk is further requested to mail a copy of this order to Petitioner at both his address of record and his new address, as Respondent reports it:

   > Pasquale Rubbo
   > Reg. No. 71893-004
   > FCI OTISVILLE, FEDERAL CORRECTIONAL INSTITUTION,
   > P.O. BOX 1000
   > OTISVILLE, NY 10963

**IT IS SO ORDERED** in Hartford, Connecticut, this 6th day of September, 2022.

                                      /s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE